[PHILADELPHIA, FEBRUARY 16TH, 1839.]

## CREED against STEVENS.

### IN ERROR.

1. The *bona fide* holder of a note, given on an usurious contract, will not be affected by the unlawfulness of the transaction if he took it without knowledge of the usurious consideration.

2. In an action by the holder of a note endorsed in blank, against the endorsee, an affidavit of defence was filed under the act of March, 1835, setting forth that the defendant endorsed the note for the accommodation of the maker solely; that the transaction was usurious, inasmuch as a note for $160 was given for the forbearance of $125, the real debt due by the maker, for one year, &c.: *Held*, that the plaintiff was entitled to a judgment for the whole amount of the note, for want of a sufficient affidavit of defence.

WRIT of error to the District Court for the City and County of Philadelphia.

David Stevens brought an action on the case, to March term, 1837, of that Court, against William P. Creed, upon a promissory note drawn by one Northop, and endorsed by the defendant; and on

the 5th of April, 1837, in pursuance of the act of assembly, filed a copy of the promissory note on which the action was brought; and which was as follows:—

" Dollars, 160.

Philada. Feb. 24, 1837.

Thirty days after date I promise to pay W. P. Creed, or order, the sum of one hundred and sixty dollars, without defalcation, for value received.

(Signed.)   J. NORTHROP.

(Endorsed.)   W. P. CREED."

On the 19th of May, 1837, the defendant filed the following affidavit of defence.

" The affidavit of W. P. Creed the defendant in the above case, who being duly sworn saith, that he has a good and legal defence to the whole of the plaintiff's claim: that the defendant endorsed the note on which the suit is founded, for the accommodation of the maker thereof solely: that the transaction between the parties really interested in the note was usurious, inasmuch as a note for one hundred and sixty dollars, viz. the note aforesaid, was given for the forbearance of one hundred and twenty-five dollars, (the real debt due by the maker,) for a less time than one year: that the note being therefore given to secure the performance of a usurious contract made between those really interested, contrary to the act of assembly, was and is wholly void."

A rule was obtained on the part of the plaintiff, to show cause why judgment should not be entered for want of a sufficient affidavit of defence, which after argument was made absolute; and judgment was entered accordingly for the whole amount of the note with interest.

The defendant then took a writ of error, and filed the following specifications.

" The Court below erred in giving judgment for David Stevens, the plaintiff below, for one hundred and sixty dollars, for want of a sufficient affidavit of defence—

1. Because the affidavit of defence was sufficient to entitle the defendant to a trial by jury: it appearing from the affidavit that the original transaction was usurious, a note for one hundred and sixty dollars being received for the forbearance of one hundred and twenty-five dollars, (the real debt,) for thirty days, as appears from the note.

(Creed *v.* Stevens.)

2. Because it appears from the affidavit of defence, that W. P. Creed was not interested in the usurious transaction.

3. Because if entitled to recover at all, the plaintiff below was not entitled to recover more than one hundred and twenty-five dollars, with legal interest, or as much as he gave for the note; which it would be competent for him to show in a trial by jury."

Mr. *Hood*, for the plaintiff in error, argued that this being sworn to be an accommodation note merely, the defence of usury might be set up against a holder; and that the plaintiff was at all events only entitled to recover what he actually gave for the note. He cited *Chitty on Bills*, 109, note *f*, (ed. 1836;) 3d *American Jurist*, 387, where the cases are collected; *Sauerwein v. Branner*, (1 *Harris & Gill*, 477;) *Mackey* v. *Frazer*, (10 *Wend.* 113;) *Chitty on Contracts*, 240; *Payne* v. *Trezevant*, (2 *Bay*, 23.)

Mr. *Hare*, for the defendant in error, cited *Turner v. Calvert*, (12 *Serg. & Rawle*, 47.)

The opinion of the Court was delivered by

Sergeant, J.—Our act of assembly in relation to usury does not make the security by which the usurious interest is contracted for, void. It merely declares, that no more than lawful interest shall be taken for the forbearance of money lent, and imposes a penalty on the person who takes more than such lawful interest. The effect of these provisions is, that a party to an usurious contract, can recover upon it only the money actually lent and lawful interest. But if the payee of a negotiable note given for a sum lent and more than lawful interest, endorses it, and it passes into the hands of a *bona fide* holder, unconnected with the usurious contract, such holder cannot be affected by the unlawfulness which existed between the original parties. He certainly would not be liable to the penalty imposed by the act, by receiving the amount of the note when due. Now that, so far as appears in this affidavit, may have been the case here. It states that the transaction between the parties really interested was usurious, but it does not state that the plaintiff was one of these parties: and he may certainly not have been, because a note endorsed in blank passes by delivery, and he may have received it from one who obtained it from the original parties. The defendant is bound to specify the ground of his defence in his affidavit. The cases cited from the English books, do not apply here. There a note given to secure an usurious loan, was declared absolutely void by the statute of Anne, and was so considered even in the hands of an innocent endorser: but this has been lately altered

by the statute of 58 Geo. 3. Our laws never went so far, and were considered as attaining the desired object by subjecting the party . receiving to a penalty, and restricting his right of recovery.

Judgment affirmed.